**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

JUSTIN A. TAHAI,                                                                                       Civil No. _____

   Plaintiff,

v.

MATT POLLACK, Esq., in his official
capacity as Executive Clerk, Clerk of
the Law Court, and Reporter of Decisions;
JOHN DOE 1, in official capacity as Maine
Judicial Branch official responsible for
transcript and audio-record administration
through the Office of Transcript Operations;
JOHN DOE 2, in official capacity as Maine
Judicial Branch official responsible for
appeal-record processing and record access;

   Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(42 U.S.C. § 1983; U.S. Const. amends. I and XIV)

## I. INTRODUCTION

1. This is a civil-rights action under 42 U.S.C. § 1983 for declaratory and prospective injunctive relief.

2. Plaintiff does not ask this Court to retry the underlying family matter, reweigh custody facts, or function as an appellate court over the merits of a state domestic-relations order.

3. Instead, Plaintiff challenges the constitutionality of the procedures and practices that denied him meaningful access to appellate review and meaningful access to the courts in a matter affecting the parent-child relationship.

4. As applied to Plaintiff, the State's record-access and appeal-processing framework operated to deny meaningful review by requiring private payment for a transcript Plaintiff could not afford, cancelling transcript production for nonpayment, failing to provide a timely and practical substitute record sufficient for effective appellate review, and allowing the appellate lane to close while the record remained functionally unavailable.

5. These barriers arose in a time-sensitive child-contact context, where delay itself causes continuing and irreparable harm.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events and omissions giving rise to these claims occurred in Maine and the Defendants perform official duties in Maine.

## III. PARTIES

9. Plaintiff Justin A. Tahai is a resident of North Berwick, Maine.

10. Defendant Matt Pollack, Esq. is sued in official capacity only as Executive Clerk, Clerk of the Law Court, and Reporter of Decisions.

11. Defendant John Doe 1 is sued in official capacity only as the Maine Judicial Branch official responsible, in whole or in part, for transcript and audio administration through the Office of Transcript Operations.

12. Defendant John Doe 2 is sued in official capacity only as the Maine Judicial Branch official responsible, in whole or in part, for appeal-record processing, record access, or implementation of procedures that prevented Plaintiff from obtaining a usable review record.

13. Plaintiff will amend this pleading to substitute true names for Doe Defendants when learned.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff was a party in Maine state-court litigation affecting parent-child contact and related fundamental interests.

15. A hearing relevant to Plaintiff's appeal was held on January 16, 2026.

16. On February 11, 2026, the District Court entered findings and an order that became the basis for Plaintiff's appeal and for subsequent disputes over implementation and review.

17. Plaintiff filed notices of appeal from both YORDC-FM-2010-00190 and BIDDC-PA-24-1285.

18. In those notices, Plaintiff appealed, among other things, allegedly unsupported factual findings, findings concerning Thanksgiving parenting-time events, exclusion of former Guardian ad Litem Glenn Anderson's testimony, conclusions derived from those findings, adverse rulings incorporated into the February 11, 2026 order, and, in the PFA matter, the scope and issuance of the relief ordered therein.

19. A complete and usable record was necessary for meaningful appellate review.

20. Plaintiff sought approval and production of the electronic recording in lieu of transcript, expressly stating that a usable record was necessary to present the issues on appeal.

21. Plaintiff was quoted approximately $1,515 for the final-hearing transcript and sought access at state expense due to inability to pay.

22. Plaintiff documented that the transcript and record-access barrier impaired meaningful review of record-based findings.

23. On March 2, 2026, Plaintiff filed an application to proceed without payment of fees stating that he was unemployed, had no income, no cash reserves, no available assets, and no present ability to pay filing or appeal-related costs.

24. The transcript order was later cancelled because the required deposit was not received, and the appeal was allowed to proceed without the transcript unless further action was taken.

25. Plaintiff also documented that implementation of the February 11, 2026 order remained materially obstructed because basic logistics necessary for compliance had not been clearly defined or meaningfully provided.

26. Plaintiff documented that contact provisions were not functioning as written and that reunification continued to be delayed through procedural inertia and nonresponse.

27. On March 20, 2026, the Law Court denied reconsideration and stated that the appeal was concluded and that further filings could be docketed without presentation to the Court.

28. Plaintiff's efforts to identify the official or officials responsible for the transcript and record-access denial were further impeded because denial materials identified only the "clerk," rather than clearly naming the responsible officer or decisionmaker.

29. That opacity materially burdened Plaintiff's ability to seek targeted review and prospective relief in a time-sensitive appeal involving fundamental family interests.

30. As applied to Plaintiff, the combined effect of transcript paywalling, cancellation for nonpayment, lack of timely substitute record access, procedural closure of the appellate lane, and opaque attribution of responsibility deprived him of meaningful review in a matter involving fundamental family interests.

31. These injuries are ongoing because delay in reviewing and enforcing child-contact matters itself changes the practical reality on the ground.

## V. CLAIMS FOR RELIEF

### COUNT I

### Denial of Procedural Due Process

### (U.S. Const. amend. XIV; 42 U.S.C. § 1983)

32. Plaintiff incorporates paragraphs 1 through 31.

33. Plaintiff had constitutionally protected liberty interests implicated by state action affecting parent-child contact and the practical ability to obtain judicial review of orders burdening that relationship.

34. Once the State provided an appeal process, it could not administer access to the review record in a manner that was fundamentally unfair as applied to an indigent litigant.

35. Defendants, acting under color of state law, maintained, enforced, or implemented procedures that conditioned meaningful review on payment Plaintiff could not make, despite documented indigency and the known necessity of a usable record.

36. Defendants failed to provide a timely and meaningful alternative sufficient for effective review.

37. As applied to Plaintiff, those procedures denied due process.

**COUNT II**

**Denial of Meaningful Access to the Courts**

**(U.S. Const. amends. I and XIV; 42 U.S.C. § 1983)**

38. Plaintiff incorporates paragraphs 1 through 37.

39. The Constitution protects meaningful access to the courts.

40. In a record-based appeal, denial of practical access to the necessary transcript or equivalent record can deny meaningful access to judicial review.

41. By requiring prohibitive prepayment, allowing transcript cancellation for nonpayment, failing to provide a timely substitute record adequate for review, and obscuring the identity of the responsible record-access decisionmaker, Defendants denied Plaintiff meaningful access to the courts.

42. That denial was not harmless because it impaired Plaintiff's ability to challenge findings and rulings in a live, time-sensitive child-contact matter.

**COUNT III**

**Declaratory and Prospective Injunctive Relief**

**(28 U.S.C. §§ 2201–2202; Ex parte Young)**

43. Plaintiff incorporates paragraphs 1 through 42.

44. An actual controversy exists concerning whether Defendants may continue to administer transcript, audio, and appeal-record procedures in a manner that denies Plaintiff meaningful review because of indigency, lack of timely substitute record access, and opaque attribution of decisionmaking responsibility.

45. Prospective relief is necessary to prevent continuing constitutional injury.

**VI. IRREPARABLE HARM / NO ADEQUATE REMEDY**

46. Plaintiff has suffered ongoing impairment of appellate review.

47. Plaintiff has suffered ongoing injury to the parent-child relationship through passage of time during blocked or ineffective review.

48. Money damages alone would not provide adequate relief for continuing loss of time, relationship opportunity, and review rights in this context.

49. Plaintiff has no adequate remedy at law.

**VII. REQUEST FOR RELIEF**

A. Declare that, as applied to Plaintiff, Defendants' administration of transcript, audio, and record-access procedures violated Plaintiff's rights to procedural due process and meaningful access to the courts;

B. Enter preliminary and permanent injunctive relief requiring Defendants to provide Plaintiff, without prohibitive prepayment, a usable appeal record, including the audio or electronic recording and any constitutionally adequate substitute necessary for meaningful review;

C. Enjoin Defendants from conditioning Plaintiff's meaningful access to a review record on payments he is unable to make where indigency has been shown and fundamental family interests are at stake;

D. Require Defendants to identify the responsible official or officials for the challenged record-access determinations to the extent necessary for effective prospective relief;

E. Award costs and any allowable relief under 42 U.S.C. § 1988; and

F. Grant such other relief as the Court deems just and proper.

## VIII. DEMAND

50. Plaintiff seeks equitable and declaratory relief. Plaintiff does not presently demand a jury.

Respectfully submitted,

/s/ Justin A. Tahai
Justin A. Tahai
299 Elm Street
North Berwick, ME 03906
(207) 651-5633
justintahai@gmail.com
Plaintiff, pro se