UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUSTIN A. TAHAI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00211-LEW |
| | ) | |
| MATT POLLACK et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Justin A. Tahai's application to proceed *in forma pauperis* (IFP), *see* ECF No. 4, his complaint (ECF No. 1) is now before me for preliminary review, *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court must, after granting IFP status, "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

Tahai brings due process and access to court claims against Matt Pollack, in his official capacity as Clerk of the Maine Supreme Judicial Court, and two unidentified defendants in their official capacities as state court employees. *See* Complaint at 1-2. Tahai alleges that he was stymied in his attempt to appeal a state trial court decision in a child custody matter because he could not afford to pay for a transcript of the underlying proceedings and was not provided "a timely and practical substitute record sufficient for effective appellate review." *Id.* at 1-3. He seeks, under *Ex parte Young*, 209 U.S. 123 (1908), a declaration that his

1

constitutional rights were violated and a prospective injunction requiring the "Defendants to provide [him], without prohibitive prepayment, a usable appeal record, including the audio or electronic recording and any constitutionally adequate substitute necessary for meaningful review." *Id.* at 4-5.

Tahai's complaint is subject to dismissal.

Even if the Defendants previously violated Tahai's constitutional rights, the *Ex parte Young* exception to sovereign immunity may not be used to obtain a declaration that state officials have violated a plaintiff's federal rights in the past. *See Cotto v. Campbell*, 126 F.4th 761, 768 (1st Cir. 2025) ("Because the *Ex parte Young* exception is intended to balance Eleventh Amendment concerns with the supremacy of federal law, it only applies in cases in which a violation of federal law by a state official is *ongoing* as opposed to cases in which federal law has been violated at one time or over a period of time *in the past*." (cleaned up)); *K.A. v. Barnes*, 134 F.4th 1067, 1075 (10th Cir. 2025) (noting that "retrospective" requests for declaratory relief against state officials "do not fall within the *Ex parte Young* exception to sovereign immunity" and are therefore barred by the Eleventh Amendment).[1]

---

[1] Tahai asserts in a conclusory way that the alleged constitutional violations are "ongoing" and "continuing," but does not explain how this is so when, by his own description, the appeal at issue "was concluded" by March 20, 2026. Complaint at 3-4. To the extent he suggests that the alleged violations have lingering effects on him, that is not enough to show ongoing violations. *See, e.g.*, *Merritts v. Richards*, 62 F.4th 764, 771-72 (3d Cir. 2023) ("[F]or the *Ex parte Young* exception to apply, there must be both an ongoing violation of federal law and a request for relief that can be properly characterized as prospective. . . . The lingering effects of [a] discrete past action do not convert it into an ongoing violation.").

Similarly, the past constitutional violations alleged by Tahai do not give him standing to seek prospective injunctive relief where he only speculates that he might suffer the same harm in a future appeal.   *See* Complaint at 4 (questioning "whether Defendants may continue to administer transcript, audio, and appeal-record procedures in a manner that denies Plaintiff meaningful review"); *Asociación de Periodistas de P.R. v. Mueller*, 680 F.3d 70, 84-85 (1st Cir. 2012) ("To justify an injunction when the incident now lies in the past, there must be a real and immediate threat of future legal violations rather than an abstract or conjectural one. . . . Any past harm that [the plaintiffs] allegedly suffered does not by itself entitle them to obtain equitable relief absent a sufficient likelihood that they will again be wronged in a similar way." (cleaned up)); *Barnes*, 134 F.4th at 1075-76 (holding that a plaintiff lacked standing to pursue prospective injunctive relief under *Ex parte Young* because she failed to allege a nonspeculative anticipated injury that would justify such relief). This is especially so where the state court appellate rules explicitly provide a process for indigent civil litigants to file an "electronic recording or statement of the evidence in lieu of a transcript."  Me. R. App. P. 5(b)(2)(B)(iii).

For these reasons, I recommend that the Court **DISMISS** Tahai's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: May 13, 2026

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge