UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN A. TAHAI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No. 2:26-cv-211-LEW |
| | ) |
| MATT POLLACK, ESQ., *in his* | ) |
| *Official capacity as Executive Clerk of* | ) |
| *Law Court*, *et al.*, | ) |
| | ) |
| Defendant | ) |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE
WITH COK WARNING**

On May 13, 2026, the United States Magistrate Judge filed with the Court, with a copy to pro se Plaintiff, Justin A. Tahai, her Recommended Decision After Preliminary Review (ECF No. 5). That same day, Tahai filed his Objection (ECF No. 6). I have reviewed and considered the Recommended Decision and the Objection, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision.

The essential point of the Recommended Decision is that Tahai's grievance with Mr. Pollack, Clerk and administrator of the Maine Supreme Judicial Court, over the provision of a free transcript, is not really designed to secure prospective relief under *Ex Parte Young*, 209 U.S. 123 (1908), which affords an exception to the otherwise applicable sovereign immunity dictated by the Eleventh Amendment of the United States Constitution. Essentially, the Magistrate Judge recommends that the Court apply the

Eleventh Amendment and not allow Tahai to proceed with litigation against an arm of the State of Maine in federal court because the relief he seeks is retrospective rather than prospective.  Recommended Decision at 2-3.  In his Objection, Tahai withdraws any request for retrospective relief and states that he would like leave to amend his complaint "to clarify the ongoing and prospective nature of the injury and relief requested." Objection at 1.  He relates that there were other problems with his appeal of a child custody determination and that he needs this Court to compel Mr. Pollack to ensure his access to "a useable appellate record or constitutionally adequate substitute." *Id.* at 2.

Since May 13, 2026, the date the Recommended Decision and Objection were posted on the docket, Plaintiff has made five additional filings in this matter, all of which were filed, ostensibly, for the purpose of record preservation related to ongoing happenings in the state court, even though this case has not proceeded to service because it is still subject to review under the in forma pauperis statute, 28 U.S.C. § 1915(e).  A review of the filings indicates that Tahai essentially wants to substantiate his claim with "post-filing events showing continuing practical burden, record-access burden, failed administration of state-court implementation mechanisms, and implementation instability that form part of Plaintiff's ongoing injury and record-preservation posture."  First Supp. Addendum (ECF No. 7).  Tahai would also like to inform this Court of "implementation concerns tied to the consolidated Maine District Court matters" concerning his family matters proceeding and a related protection from abuse proceeding.  Second Supp. Addendum at 1 (ECF No. 8).  Among other concerns, Tahai complains that the Maine district court judge assigned to his cases recused.  Tahai also seeks to supplement the record concerning his complaint to the

Judicial Conduct Committee concerning the same judge.  Third Supp. Addendum (ECF No. 9).  That filing also reflects that the Maine Supreme Judicial Court has warned Tahai about his filing habits.  *Id.* at 1.  As for relevance, Plaintiff offers:

> It demonstrates that Plaintiff has formally escalated the recusal-after-delay and non-disposition problem to the state judicial-conduct channel while simultaneously preserving that the same conduct/administration facts matter to federal access-to-courts, due-process, notice/service, and record-access issues.

> The core federal-record point remains narrow: the state system should not be able to convert months of unresolved filings, implementation barriers, and record-access problems into a harmless event by issuing a one-sentence recusal order.  Recusal may be required in some circumstances, but recusal after delay does not correct the accumulated delay, does not decide pending issues, does not protect relation-back/status, and does not restore lost parent-child contact or meaningful record access.

*Id.* at 2.  Tahai then informed this Court that he has authored an "Open Letter and Demand for Immediate Public Audience" concerning "[a]dministrative failure, attorney-enabled family harm, selfish parent conduct, post-COVID court delay, antiquated legal-profession ethics, record-access barriers, and the demand that Maine stop pretending process is justice."  Fourth Supp. Addendum (ECF No. 10).  Finally and most recently, Tahai filed a "Supplemental Notice of State-Level Access-to-Justice Barriers, Continuing Child-Impact Harm, and Exhibit Submission," which consists of 96 pages of school records, email and text message correspondence, state court filings, and transcripts.  Fifth Supp. Addendum (ECF No. 11).

I previously dismissed another complaint that Tahai filed against members of the State of Maine Judiciary in which he made similar claims.  *See Tahai v. Stanfill*, No. 2:26-cv-57-LEW.  In the *Stanfill* matter, it was explained to Mr. Tahai that the United States

3

District Court does not exist to intervene in state court proceedings by directing outcomes or ordering state court personnel how to do their jobs and on what schedule, citing *Younger v. Harris*, 401 U.S. 37 (1971), and related cases. That matter is now on appeal. In that matter, Mr. Tahai filed "notices" and "addendums" that are similar (if not identical) to those he has filed here. These filings, evidently meant to preserve a record that is already in Mr. Tahai's keeping, have no cause to be on this Court's docket at this time.

Based on *Younger*, which this Court has already outlined for Mr. Tahai in the *Stanfill* matter, I decline to exercise jurisdiction over the Maine family matters proceeding in which Mr. Tahai is embroiled. It is not this Court's role to oversee the course of proceedings in the state courts by directing state court officials how to perform their jobs with each new development that Mr. Tahai finds unacceptable.[1]

It is clear from Mr. Tahai's filings that he is deeply disappointed in his family court experience, based on the slow pace of the case, the conduct of his case opponent, the behavior of members of the bar, and so forth. However, I am not persuaded by his allegations that the proposed defendants are depriving him of his constitutional rights, that his constitutional grievances cannot be raised and addressed adequately in the state courts, or that there is any prospective injunctive relief that I can order that would be appropriate under the circumstances. Furthermore, Mr. Tahai's approach to litigation (particularly in

---

[1] *See also Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). The domestic relations exception to federal jurisdiction, yet another obstacle for Mr. Tahai, "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) ("[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992))). Mr. Tahai's requests for prospective injunctive relief are in the nature of requests for decrees designed to advance and expedite his interests in child custody matters.

regard to docketing his varied grievances) serves only to impede the administration of justice, not only for Mr. Tahai's matters, but also for matters in which others have interests comparable to his own but must wait for state court jurists to finish processing Mr. Tahai's many grievances.

Accordingly, Mr. Tahai's complaint is DISMISSED. Additionally, because the Court has now twice summarily screened Mr. Tahai's pleadings for failure to state a claim for relief that is within this Court's jurisdiction to grant, and because Mr. Tahai has demonstrated the inclination to abuse this Court's docket with repetitive filings that serve no purpose other than to memorialize tangential developments in his dealings with the Maine state courts, the Court now warns Mr. Tahai that if his notice and addendum style filings continue, his right to file in this Court will be restricted pursuant to the authority outlined in *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (ECF No. 5) is hereby AFFIRMED and ADOPTED.  Plaintiff's complaint is DISMISSED. Additionally, Plaintiff's request for leave to amend his pleadings is DENIED as futile under *Younger*.  This matter is HEREBY DISMISSED.  Plaintiff is issued a *Cok* Warning, as outlined above.

SO ORDERED.

Dated this 24th day of June, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

5